**WO**                                                                                                    JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mustafa Aksoy, | No. CV 05-0734-PHX-NVW |
| Petitioner, | **TRANSFER ORDER** |
| vs. | |
| Alberto Gonzales, et al., | |
| Respondents. | |

Petitioner Mustafa Aksoy, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory Relief. The action will be transferred to the United States Court of Appeals for the Ninth Circuit pursuant to the REAL ID Act of 2005.

**PETITION**

Petitioner is a native and citizen of Turkey. Petitioner entered the United States in 1988 as a conditional permanent resident based on his marriage to a United States citizen. In 1990, Petitioner's application to remove the conditions on his status was denied and he was accused of marriage fraud. On October 2, 1996, an immigration judge found Petitioner deportable, but granted his application for voluntary departure. On June 9, 1997, the Board of Immigration Appeals ("BIA") found that Petitioner had waived his right to appeal and dismissed his appeal, holding that the immigration judge's order was final. Petitioner did not file a petition for review with the court of appeals and did not depart the United States. In

his Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241, Petitioner challenges the immigration judge's final order on the grounds that his immigration attorney provided him with ineffective assistance of counsel and that the immigration improperly concluded that Petitioner had engaged in marriage fraud.

## JURISDICTION

After the Petition for Writ of Habeas Corpus was filed with this Court, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). As amended by the REAL ID Act, 8 U.S.C. § 1252(a)(5) now provides in relevant part:

> (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

REAL ID Act §106(a)(1)(B). This provision deprives the Court of habeas corpus jurisdiction to review an order of removal entered under the Immigration and Nationality Act. Moreover, the REAL ID Act provides that the jurisdiction stripping provision is retroactive. REAL ID Act § 106(b) ("subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment").

The matter need not be dismissed, however, because § 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final administrative order of removal . . . is pending in a district court on the date of enactment, then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL ID Act §106(c). Because this § 2241 habeas corpus action challenges a final administrative order of removal, the Court lacks jurisdiction and must transfer the case to the United States Court of Appeals for the Ninth Circuit under § 106(c) of the REAL ID Act.

//
//
//

**IT IS THEREFORE ORDERED** that the Petition and this action shall be **transferred as a petition for review** to the United States Court of Appeals for the Ninth Circuit pursuant to § 106(c) of the REAL ID Act of 2005. The Clerk of Court shall transfer this action forthwith.

DATED this 9th day of November, 2005.

_____
Neil V. Wake
United States District Judge